By the Court.
 

 This cause was tried in the superior court of Cincinnati upon the petition, the amended answer thereto, and the evidence, and grew out of an injury which the plaintiff in error received as a passenger of the defendant company, by falling while making her exit from a car of the company.
 

 The amended answer admitted the defendant’s corporate capacity; that it was engaged in the business of carrying passengers; that plaintiff fell while leaving one of its cars; and specifically denied its negligence and each and every allegation contained in the petition not expressly admitted.
 

 The cause was tried to a jury and verdict rendered for plaintiff. Judgment was entered upon the verdict. Error was prosecuted to the Court of Appeals, where the judgment was reversed and an entry spread upon its journal, the pertinent portion of which is as follows:
 

 “Upon consideration whereof the court finds that
 
 *711
 
 there is error apparent upon the face of the record to the prejudice of the plaintiff in error.”
 

 Thereafter a
 
 mmc pro tunc
 
 entry was spread upon the journal by that court, the pertinent part of which is:
 

 “Upon consideration whereof the court finds no error upon the weight of the evidence, but the court finds that there is error apparent upon the face of the record in the failure to charge upon the subject of contributory negligence to the prejudice of the plaintiff in error.”
 

 Error is prosecuted here.
 

 At the conclusion of the charge of the trial court, counsel for the defendant stated:
 

 “As I understand it, your honor is not going to charge on the subject of contributory negligence?
 

 “The Court: No. (To which ruling of the court counsel for defendant excepted.)”
 

 This court is of opinion that the inquiry of counsel in the presence of the jury at the close of the charge was sufficient to direct the court’s attention to that issue, and to require a charge upon that subject, if it were an issue, even though raised by the evidence alone.
 

 Was there any evidence tending to prove negligence on the part of the plaintiff?
 

 Plaintiff’s testimony, as summarized by counsel for defendant, for the purpose of showing that that evidence raised a question of contributory negligence, was as follows:
 
 *712
 
 remember whether the platform was crowded at that time, but that she knew it was, not overcrowded; that the platform became crowded between her entrance and Central avenue; that, as she was about to leave the car at her destination, the platform was crowded to the extent that she had to ask men to step aside at the door to permit her to leave; that at Smith street (which was the stop before her destination) the crowd was considerably eliminated, and that it was there that the conductor said, ‘If you get out of this car you will squeeze your way out;’ that at her destination the conductor was in the front of the car and did not assist her in getting out; that she arose from her seat, went to the door, asked the people to step aside to let her out; that as she started to leave she stumbled over a foot, or feet, and started to fall face forward toward the street; that she grabbed the horizontal rod at the side, trying to recover her balance, and went over the platform down onto the first step, not reaching the street at any time.
 

 
 *711
 
 “Plaintiff’s testimony as to how her accident occurred starts on page 211 of the bill of exceptions. She said that she entered the car about '6:35 p. m., at Fifth and Eace streets, and that there was one vacant seat as she entered; that she could not
 

 
 *712
 
 “In her cross-examination plaintiff practically repeated what she narrated upon direct examination, and she admitted, in addition, that when she had described her accident to her accident insurance company, in answer to the question, ‘State particulars fully,’ her reply had been, ‘In an effort to get off the car, I struck something with my right foot, causing me to lose my balance. Holding to rod kept me from falling forward.’
 

 “John Lynch, a witness for plaintiff, testified that he was on the car with his young boy; that a lot of colored people got on at Sixth street, and that he went inside; that he had to squeeze his
 
 *713
 
 way through, the crowd when he got out; and that the conductor was up in the front of the car; that' some time before the street car stopped at his destination the conductor made the remark to the crowd substantially to- the effect that they would have to squeeze through; that he got off the car, and that as Miss James got off she slipped over somebody’s feet or something — he could not see how it was — and fell down, and one foot went to the step of the car and the other leg was under her sitting on the platform; that-he took her into the hospital, for which place they- had both been bound. The witness further said that plaintiff had either made a misstep or tripped; that'he was not looking at her feet. - .
 

 “James Lynch, son of John Lynch, testified for plaintiff that he was with his father; that he saw plaintiff get off the car; and that she fell with one foot on the step and the other one on the platform, and that he did not -know whether she stumbled or not, that he just saw her fall; that he did not know where the • conductor. was, nor did he hear him say anything; that-the -car was crowded, and that he had to push his way -through. He further said, in contradiction to his father, that his father did not come into the oar, but stood on the back platform; that plaintiff stepped right off down to the lowér step' toward the ground, and that he just saw her- fall, and that he did not see her stumble over anybody.’"
 

 "Whatever this evidence may have tended to show, or failed to tend to show, in proof of the negligence of the defendant, that question-is not before this court, a jury having found negligence of the defendant company, and the Court of Appeals hav
 
 *714
 
 ing specifically found “no error upon the weight of the evidence.” It is urged here' solely as tending to show negligence on the part of plaintiff in error contributing to her injury.
 

 We are unable to discover anything in this evidence which tends to show negligence on the part of plaintiff in error in any respect, unless we should hold that it was negligence- upon her part to attempt to leave. the car while it was in a crowded condition. To so hold, it would be necessary for us to declare that the crowding of the street car by the defendant in error company created a dangerous situation, which situation deprived plaintiff in error of her right to leave the car at the end of her journey, at a regular stop, in the usual way provided by the company, and that an attempt so to do amounted to negligence upon her part. A mere statement of the proposition answers it.
 

 The evidence above summarized carries with it no reasonable inference of negligence upon the part of plaintiff in error.
 

 The judgment of the Court of Appeals is reversed, and the judgment of the superior court of Cincinnati is affirmed.
 

 Judgment reversed. ■
 

 Marshall, C. J., Robinson-, Matthias, Day, and Allen, JJ., concur.